## HAZEL F. GUILFORD v. EARLE BROWN.[1]

February 9, 1923.

No. 23,331.

**Evidence of price of new car admissible on issue of value of second hand car.**

1. Upon the issue of the value of a second hand automobile, it was not error to permit evidence of the price of a new car of the same make, since such price bears upon the market value of former.

**Cross-examination of expert on question of value.**

2. An expert witness who has given an opinion as to the market value of an automobile at a certain date may properly be asked, on cross-examination, to give the price at which he sold the same car a few days thereafter.

**Ownership of plaintiff established.**

3. The court did not err in ruling that plaintiff's ownership of the automobile, seized by defendant on an execution against a third party, was conclusively established.

**Verdict sustained against charge of passion.**

4. The verdict, though large, cannot be set aside by this court on the ground that it was rendered under the influence of passion or prejudice.

Action in the district court for Hennepin county to recover $2,500, the value of a automobile. The case was tried before Gould, J., who at the close of the testimony granted plaintiff's motion for a directed verdict, and a jury which found the value of the car to be $1,800. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*H. R. Hare,* for appellant.

*Theodore W. Thomson,* for respondent.

[1]Reported in 191 N. W. 915.

HOLT, J.

An automobile was seiezed by defendant, the sheriff of Hennepin county, Minnesota, under an execution issued upon a judgment duly rendered against Howard A. Guilford, the former husband of plaintiff. The automobile was sold, although plaintiff served, in proper time, her claim of ownership. This action for conversion followed. There was a verdict for $1,800. Defendant appeals from the order denying a new trial.

The automobile was a 1916 Winton car. It had been in use when plaintiff procured it. To establish its value in 1920, at the time of the seizure and sale, plaintiff among other questions was asked what the price of a new car of that make then was. An answer was permitted over defendant's objection. We think the evidence admissible. The price of new cars in some measure affects the market value of second hand cars of the same kind.

It was clearly proper cross-examination to inquire of an expert witness who had given his opinion that the automobile when seized was worth only $550, whether he had not a few days thereafter sold it for $1,250.

The court held the evidence of the alleged ownership of Howard A. Guilford of the automobile insufficient to submit to the jury. The car was registered in plaintiff's name. The license each year since she obtained it was taken in her name. She testitfied that another car owned by her was traded for this one, and the balance she paid out of money she had in the bank. To be sure she admitted that this money had been given her from time to time by her husband. But that did not affect her title to the money or what she bought with it. There are no rights of creditors involved, for no attempt was made to show when the debt, upon which the judgment wherein the execution issued, was contracted. Howard A. Guilford testified that the car was plaintiff's. It was ordered in her name when bought. The only testimony suggestive of any other ownership was that, when it was in for repairs, Mr. Guilford would ask if "my car was ready"; that he sometimes drove it; that when the parties separated she left it in his posses-

sion; and that it was listed on the assessment rolls as his. These matters were all explained so that no inference of his ownership could remain. The fact appears to be that Mr. Guilford had a car of his own during most of the time Mrs. Guilford had the Winton. He had tacit permission to drive it when his wife did not use it. The family relations were then pleasant and there is nothing suggestive of his ownership if, under such circumstances, he would take his wife's automobile to a shop for repairs and speak of it to the mechanics as his car, or even if he paid for the repairs. When they separated she had no place where it could be kept and requested him to let it remain in his garage and assist her to dispose of it. As to the assessment list it appeared that her husband's name was inserted by the assessors under the practice of assessment officials to assess all personal property to the head of the house, but it is significant that plaintiff verified the list to the effect that the property mentioned, including this automobile, was owned by her. The court was right in holding as a matter of law that plaintiff had proved ownership conclusively.

Plaintiff and her expert testified the car to have been worth from $1,500 to $1,800 when seized. The two experts for defendant placed it around $500. The jury were correctly instructed as to the measure of damages, and found the market value of the car to have been $1,800. The verdict appears to us very large, but it is supported by evidence, and the court below concluded that it should stand. We cannot hold that the jury in rendering it were actuated by passion or prejudice. It is general knowledge that about the time of the seizure there was a scarcity of automobiles, and second hand cars commanded exceedingly high prices.

The order is affirmed.